NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-00386-KSF

BEN VESSEGHI PLAINTIFF

VS: **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, et al. DEFENDANTS

** ** ** ** **

Ben Vesseghi, an individual who is in the custody of the Federal Bureau of Prisons ("BOP") and currently incarcerated in the Lexington Medical Center in Lexington, Kentucky, has submitted a prisoner *pro se* pleading which the Court has construed as a Complaint, pursuant to 28 U.S.C. § 1331. Plaintiff complained of sanctions imposed on him for a disciplinary infraction, purportedly in violation of his rights under the Fifth Amendment to the U.S. Constitution, and he sought immediate restoration to the same position which he had before the charges were brought.

Because the title of Plaintiff's initial pleading used urgent terms, "Motion for . . . Immediate Issuance of a Restraining Order," and "Emergency Filing." and "In the Alternative, [an] Order to Compel in the Nature of Mandamus," the Court also construed the pleading to include a Motion for a Temporary Restraining Order ("TRO").

A few days after the initial filing, the Court issued two Orders. One was a Deficiency Order, as Vesseghi had not supplied a full affidavit of assets to support an accompanying Motion to Proceed *in forma pauperis*, and he had also failed to provide documents demonstrating exhaustion of his

appeals of the disciplinary conviction through the BOP administrative process. Plaintiff was ordered to provide both within thirty (30) days. In the second Order, the Court denied Vesseghi's TRO request on the merits.

Within the 30-day time frame, the Plaintiff supplied the affidavit of assets and his Motion to Proceed *in forma pauperis* is now granted by separate Order. He has not supplied the administrative documents, however. The time which the Court granted for Plaintiff to comply with the Deficiency Order has passed; and the Plaintiff has neither complied with the Court's Order by sending the documents, nor filed an appropriate Motion for extension of time in which to do so.

The Complaint is before the Court today for screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1] For the reasons set forth below, this matter will be dismissed.

**SUMMARY OF ALLEGATIONS AND CLAIMS.**

In his Complaint, filed November 30, 2009, the Plaintiff describes an incident taking place on August 18, 2009, in the prison's Special Housing Unit ("SHU") recreational yard, and among his several attachments to the Complaint is a hand-drawn diagram of the yard. Exhibit [hereinafter "Ex."] 1. Plaintiff claims he and two other inmates were walking three abreast around the 3-lane running track, with Vesseghi being closest to the first of three fences surrounding the yard.

Vesseghi claims the yard was crowded with numerous inmates trying to exercise at the same time, and for this reason, he brushed against the fence. However, he was charged with doing so

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

intentionally. Plaintiff has attached copies of three BOP forms for making a request of staff, which he wrote to a Captain Johnson. In two of these requests, dated September 10, 2009, and September 21, 2009, he begs to do extra chores rather than being tried on the charges. Evidently, these pleas were unsuccessful and a hearing on the charges was held before a Disciplinary Hearing Officer ("DHO"), as Vesseghi's last request, dated October 7, 2009, contains his complaint that he had not gotten a reply from Johnson, "nor have I received a copy of any report from the D.H.O." Ex. 3.

Plaintiff alleges that at the disciplinary hearing there was no evidence presented that he "did knowingly . . . drag his hand against the interior fence . . . [or] intentionally and knowingly tamper[] with a FBOP security [device]. . . ." He asserts that despite there being no evidence to support the charge of intentional conduct and he himself being the only person to testify at the disciplinary hearing, nonetheless, he was found guilty. Plaintiff was penalized with spending more time in the SHU, the forfeiture of 27 days of good conduct time, and the loss of visitation and telephone privileges for six months.

Plaintiff claims that in the above-described unconstitutional disciplinary proceeding, the BOP and certain individuals at the BOP have violated both his substantive and procedural due process rights, as well as his right to equal protection of the law. The telephone restrictions are particularly burdensome, he contends, because his mother is ill; he would like those privileges restored immediately in order to communicate with her. Finally, the Plaintiff complains that two months after the hearing, he has still not received the report containing the decision of guilt and the penalties imposed.

**DISCUSSION**

The Court begins with what the Plaintiff states that he wants: He wants to be returned to his pre-disciplinary-conviction status, which includes restoration of his 27 days of good time and restoration of privileges -- now. The Court has already denied him preliminary injunctive relief for reasons stated in its earlier Order [R.4], which still pertain.

Vesseghi's demand for mandamus relief is governed by 28 U.S.C. § 1651, the All Writs Act, which authorizes this Court to issue a writ of mandamus. The statute states that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

However, "[m]andamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re Parker*, 49 F.3d 204, 206 (6th Cir. 1995) (citing *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978)); *Kerr v. United States District Court*, 426 U.S. 394, 402-03 (1976). "'The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it. It lies only when there is practically no other remedy.'" *In re NLO, Inc.*, 5 F.3d 154, 156 (6th Cir. 1993) (quoting *Helstoski v. Meanor*, 442 U.S. 500, 505 (1979)).

The instant cause of action fails to meet the high standards warranting mandamus relief. The Plaintiff has not established a "clear and indisputable right to the relief sought." He wants a clean slate. Yet he asks the Court to order his conviction from the August 18, 2009, incident erased, his

good time credits restored, and his privileges reinstated – all without presenting any supporting basis for doing so. Therefore, Plaintiff is clearly not entitled to mandamus relief.

The Plaintiff's claims in this civil action are for injunctive relief. To the extent that he seeks restoration of the good time credits, he is advised that federal courts have long recognized the potential for prisoners to evade habeas exhaustion requirements by bringing challenges to the fact or duration of their confinement under § 1983. *See Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). The Supreme Court has recognized a "habeas exception" to civil rights actions and held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and are not cognizable under civil rights law. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Thus, the Plaintiff's only chance at restoration of his good time is by filing a habeas corpus action pursuant to 28 U.S.C. § 2241. However, he is advised that federal prisoners are required to exhaust administrative remedies before filing a petition under 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

Exhaustion is not a formality but a necessary component to judicial review of a Section 2241 Petition, because exhaustion prepares a record for the Court to review. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). Therefore, to the extent that the instant Plaintiff seeks to recover his good time credits, relief must be denied here. The dismissal will, however, be without prejudice to his re-filing a proper Section 2241 petition containing a demonstration that he exhausted the matter administratively.

Finally, to the extent that Plaintiff wants other injunctive relief, this filing is premature. The Supreme Court of the United States first explained the availability of relief via a civil action in *Heck v. Humphrey*, 512 U.S. 477 (1994), writing as follows:

> **In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254.** A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-87 (emphasis added). This has been called the “favorable termination rule.”

In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court applied *Heck* in a challenge to a disciplinary proceeding wherein the prisoner lost good time credits, as herein. The Court held that *Heck* barred the prisoner-plaintiff’s due process claims, which would have necessarily implied the invalidity of the conviction. Therefore, he could not bring his civil lawsuit until and unless the favorable termination rule had been satisfied, *i.e.*, the prison disciplinary conviction was reversed. *Id.* at 646.

Clearly, an adjudication in the instant Plaintiff’s favor in this action would implicate the validity of the complained-of prison disciplinary conviction. Therefore, Vesseghi’s civil suit is premature. He must first challenge the disciplinary conviction and, most importantly, be successful. One of the ways to do so would be by filing a petition for writ of habeas corpus under 28 U.S.C. §

2241, after exhaustion of the BOP's administrative appeals. If, and only if, the conviction is invalidated, may he bring a civil action for the harm caused by the conviction and penalties.

**CONCLUSION**

Accordingly, for the reasons stated above, it is **ORDERED** as follows:

(1) Plaintiff Ben Vesseghi's Complaint is **DISMISSED WITHOUT PREJUDICE**, and

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This January 6, 2010.




**Signed By:**

***Karl S. Forester*** KSF

**United States Senior Judge**