Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-00386-KSF

BEN VASSEGHI                                                                                  PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, et al.                                          DEFENDANTS

\*\*   \*\*   \*\*   \*\*   \*\*

Ben Vasseghi, in the custody of the Federal Bureau of Prisons ("BOP") and currently incarcerated in the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), filed a prisoner *pro se* pleading that was construed as a Complaint, filed pursuant to 28 U.S.C. § 1331. Plaintiff complained of sanctions imposed on him for a prison disciplinary infraction, purportedly in violation of his rights under the Fifth Amendment to the U.S. Constitution, and he sought injunctive relief. For the reasons detailed in the Memorandum Opinion and Order entered on January 6, 2010 (R. 7), Mr. Vasseghi's complaint, construed as having been filed under 28 U.S.C. § 1331, was dismissed without prejudice to his right to renew his claims in a habeas petition filed pursuant to 28 U.S.C. § 2241, after he had pursued and exhausted the administrative remedies available to him through the BOP's established mechanism for filing an administrative remedy and appealing the denial thereof, if necessary.

This matter is currently before the Court on the following motions filed by Mr. Vasseghi , *pro se*:

1. A motion styled "Motion To Leave And Supercede Any And All Previous Motions, And To Vacate All Charges Herein, And To Restore Plaintiff's Record" (R. 10); and,

2. A motion styled "Motion To Reactivate Pending Habeas Corpus Pursuant To 28 USC § 2241 or Motion For Return Or All Pertinent Exhibits That Are Needed To Re-File His Habeas Corpus" (R. 12).

## Prison Disciplinary Charge and Conviction

On August 18, 2009, Vasseghi was charged with a Code 299 Offense: Conduct Which Disrupts The Security Of The Institution (Interfering With Any Security Device). D. H. Greer, the officer who filed this incident report against Vasseghi, described the incident as follows:

> On 18 August 2009, at 8:26 PM, after resetting the Perimeter Fence Alarm twice in Zone 12, I zoomed security camera 12 covering the recreational yard in on Zone 12. I then observed inmate Vasseghi #54428-019 reach out and drag his right hand across the Perimeter Fence in Zone 12, setting off the Perimeter Fence Alarm once again. Keeping the camera on inmate Vasseghi, I then notified the Operations Lieutenant, both Perimeter Patrol vehicles, and the Outside REC Officer. Once relieved from the Control Center I went to the Lieutenant's and identified inmate Vasseghi # 54428-019 as the inmate dragging his hand across the Perimeter Fence and setting off the Perimeter Fence Alarm.

*See* Incident Report (Attachment to Vasseghi's "Motion To Leave And Supercede Any And All Previous Motions, And To Vacate All Charges Herein, And To Restore Plaintiff's Record (R. 10).

The Incident Report was delivered to Vasseghi on August 18, 2009, at 9:45 p.m. The Incident Report was referred to the Unit Disciplinary Committee ("UDC") for a hearing. On August 20, 2009, the UDC held a hearing on the charge in the Incident Report and referred the charge to the Disciplinary Hearing Officer ("DHO") for further hearing because the sanctions for 200 level Codes[1]

---

[1] The various levels of BOP offenses are listed in 28 C.F.R. § 541.13, Table 3. The most serious offenses (Greatest Category) are listed in Code Nos. 100-199; the next level of offenses (High Category) are listed in Code Nos. 200-299; the next level of offenses (Moderate Category)

cannot be imposed at the UDC level. On August 27, 2009, DHO Timothy Smart conducted the DHO hearing, heard testimony from various witnesses, and found Vasseghi guilty of the charged offense. The DHO sanctioned Vasseghi to thirty (30) days Disciplinary Segregation, loss of twenty-seven (27) days of Good Time Credit ("GTC"), Loss of Visiting Privileges for 180 days, and the Loss of Telephone Privileges for 180 days.

Vasseghi pursued and exhausted his administrative remedies relative to this matter. On January 21, 2011, at the final administrative review level, appellate review was concluded with his appeal being denied for the following reasons:

> A review of this matter reflects that the Regional Director adequately addressed your concerns. The Regional Director found that the required disciplinary procedures were substantially followed, the evidence supports the DHO's findings, and the sanctions were appropriate for the offense. We concur with those findings.
>
> Accordingly, your appeal is denied.

See Administrative Remedy No. 570417-012 (Attachment to Vasseghi's "Motion To Leave And Supercede Any And All Previous Motions, And To Vacate All Charges Herein, And To Restore Plaintiff's Record (R. 10).

### DISCUSSION/ANALYSIS

Subsequent to the dismissal of this action on January 6, 2010, upon the Court's consideration of this matter as a civil rights complaint filed pursuant to 28 U.S.C. § 1331, Vasseghi has pursued and exhausted his administrative remedies relative to the Incident Report and resulting disciplinary conviction in question. As noted above, on January 21, 2011, his administrative remedy appeal was denied at the final level of review.

---

are listed in Code Nos. 300-399; and the final and lowest level of offenses (Low Moderate Category) are listed in Code Nos. 400-499.

Although not captioned as such, the Court construes Vasseghi's motion styled "Motion To Leave And Supercede Any And All Previous Motions, And To Vacate All Charges Herein, And To Restore Plaintiff's Record" (R. 10) and the attachments thereto as a habeas petition filed pursuant to 28 U.S.C. § 2241 that is subject to the initial screening required by the Prison Litigation Reform Act ("PLRA").

The Court reviews a § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from the face thereof that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Accordingly, **IT IS HEREBY ORDERED**, as follows:

1. The Clerk of the Court is directed to amend/correct the CM/ECF docket sheet in this case to reflect that the correct spelling of Plaintiff's surname is Vasseghi, not Vesseghi.

2. Vasseghi's motion styled "Motion To Leave And Supercede Any And All Previous Motions, And To Vacate All Charges Herein, And To Restore Plaintiff's Record" (R. 10) is **DENIED**.

3. Pursuant to the Court's construction of Vasseghi's motion styled "Motion To Leave And Supercede Any And All Previous Motions, And To Vacate All Charges Herein, And To Restore Plaintiff's Record" (R. 10), as a Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, the Clerk of the Court is directed to extract this motion (R. 10) from this record and to

designate this motion (R. 10) as a new habeas petition filed pursuant to 28 U.S.C. § 2241, with a new civil action number. Ben Vasseghi shall be designated as the Petitioner, and Vasseghi's custodian, Deborah A. Hickey, Warden at FMC-Lexington, shall be designated as the Respondent.

4. Vasseghi's motion styled "Motion To Reactivate Pending Habeas Corpus Pursuant To 28 USC § 2241 or Motion For Return Or All Pertinent Exhibits That Are Needed To Re-File His Habeas Corpus" (R. 12) is **DENIED AS MOOT**.

5. Within thirty (30) days of the date of this Order, Vasseghi is directed to pay the $5.00 filing fee for the filing of a habeas corpus petition. Failure to pay the filing fee may result in the dismissal of this action.

6. Upon the payment of the filing fee, this matter shall be submitted for the required screening.

This March 14, 2012.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge